| | |
|---|---|
| 1<br>2<br>3<br>4 | JEFFREY A. COHEN (SBN 149615)<br>**COHEN BUSINESS LAW GROUP**<br>*A Professional Corporation*<br>10990 Wilshire Blvd., Suite 1025<br>Los Angeles, CA  90024<br>Telephone: (310) 469-9600<br>Facsimile: (310) 469-9610 |
| 5<br>6 | *Attorneys for Plaintiff*, Homevestors of America, Inc. |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA- SOUTHERN DIVISION**

| | |
|---|---|
| HOMEVESTORS OF AMERICA, INC.,<br><br>            Plaintiff,<br><br>      v.<br><br>JAMES RUSSELL BALSAMO, an individual; UGLY HOUSE BROS., LLC, a Nevada limited liability company,<br><br>            Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br><br>**(1) TRADEMARK INFRINGEMENT – 15 U.S.C. § 1114(1)**<br><br>**(2) FALSE DESIGNATION OF ORIGIN – 15 U.S.C. § 1125(A)(1)(A)**<br><br>**(3) TRADEMARK INFRINGEMENT – CAL. BUS. & PROF. CODE § 14245**<br><br>**(4) UNFAIR, UNLAWFUL AND FRAUDULENT BUSINESS PRACTICES – CAL. BUS. & PROF. CODE §§ 17200 *ET SEQ*.**<br><br>**(5) DECEPTIVE, FALSE & MISLEADING ADVERTISING – CAL. BUS. & PROF. CODE §§ 17500 *ET SEQ*.**<br><br>**(6) DECLARATORY RELIEF**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, HomeVestors of America, Inc. ("HomeVestors"), by and through its undersigned counsel, allege as follows against James Russell Balsamo

("Balsamo") and Ugly House Bros., LLC ("UHB") (Collectively referred to hereinafter as "Defendants"):

## PARTIES

1. Plaintiff HomeVestors is a Delaware corporation with its principal place of business at 6500 Greenville Avenue, Suite 400, Dallas, Texas 75206.

2. On information and belief, Defendant Balsamo is an individual resident of the city of Westminster, California or thereabout.

3. Defendant UHB is a limited liability company formed under the laws of the state of Nevada and is operating and registered to do business in or about Garden Grove, California.

## JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) and (b) over the federal claims in this action arising under 15 U.S.C. §§ 1114 and 1125.

5. This Court has supplemental jurisdiction over the claims arising under California state law pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims brought herein that they form part of the same case or controversy.

6. Defendants regularly and systematically conduct business in this

COMPLAINT

- 2 -

District and within this Division. Accordingly, Defendants are subject to the personal jurisdiction of this Court.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Balsamo is a resident of this District, UHB is registered to do business in this District, and because a substantial portion of the acts and omissions complained of herein occurred in this District and within this Division.

## NATURE OF THE CASE

**A. HomeVestors' Business and Marks.**

8. HomeVestors was founded and began franchising its business in 1996. HomeVestors has over 700 franchisees across 44 states that operate under strict codes and systems to ensure high ethical standards and responsible business practices. Over the years, HomeVestors and its franchisees have bought more than 60,000 houses.

9. HomeVestors is known as the WE BUY UGLY HOUSES® people and is the number one buyer of houses in the United States. HomeVestors franchisees buy homes that are difficult to sell and pay cash to owners in challenging situations. HomeVestors franchisees rehabilitate the houses and then sell or lease the homes. This process improves neighborhood aesthetics and provides opportunities for first-time homebuyers, other homebuyers, and renters.

COMPLAINT

10. HomeVestors offers low-cost franchising opportunities to investors seeking to enter the business. Its unique business model includes a proprietary software system used in evaluating the potential value of single-family homes for purchase and repair.

11. HomeVestors and its franchisees employ a mass advertising campaign based on high-impact outdoor advertising boards, nationwide television commercials, and widespread Internet advertising that has achieved nearly universal market awareness for HomeVestors' trademark portfolio, which is discussed in detail below. HomeVestors also utilizes a direct-selling program that assists franchisees in identifying buyers or investors who may already have a vested interest in improving the relevant neighborhoods.

12. HomeVestors has received numerous honors and awards. In 2015, HomeVestors was recognized as the 19th fastest growing franchise by Entrepreneur Magazine. In 2016, HomeVestors was recognized as number 91 in the Franchise 500 by Entrepreneur Magazine. Furthermore, in 2015, SMU Cox School of Business named HomeVestors as number 28 in the "Dallas 100" fastest-growing private companies based in Dallas, Texas. HomeVestors was the only home buying franchise on each of those lists. Also in 2015, and for the tenth consecutive year, HomeVestors was named to Franchise Business Review's "Top 50 Franchises," a

COMPLAINT

- 4 -

distinction awarded to franchisors with the highest level of franchisee satisfaction. HomeVestors has built substantial goodwill in its name and business practices among both consumers and its franchisees.

13. HomeVestors possesses extensive valuable rights in its intellectual property, including a family of U.S. trademarks listed in the chart attached hereto as Exhibit A ("HomeVestors' Family of Marks").

14. HomeVestors owns and has used the Ugly Houses Marks (defined below) since at least as early as 2000 and has built substantial brand-name recognition through the use of these marks. Through continuous and exclusive use in commerce, HomeVestors' Ugly Houses Marks have achieved incontestable status. Specifically, the following marks have become widely recognized in the industry, and HomeVestors has built significant goodwill in those marks: WE BUY UGLY HOUSES® & Design (Reg. No. 2,761,385); WE BUY UGLY HOUSES® (Reg. Nos. 2,999,705 and 3,099,814); COMPRAMOS CASAS FEAS® (Reg. No. 2,988,337); COMPRAMOS CASAS FEAS® (Reg. No. 2,982,363); WE BUY UGLY HOUSES AND MAKE THEM NICE AGAIN® & Design (Reg. No. 2,827,136); UGLY'S OK® Stylized (Reg. NO. 2,797,429); UGLY'S OK® (Reg. No. 2,794,480); WE SELL LUVLY HOUSES.COM® (Reg. No. 3,658,442); THE UGLIEST HOUSE OF THE YEAR® (Reg. No. 3,641,362); THE UGLIEST

COMPLAINT

HOUSE OF THE YEAR® & Design (Reg. No. 3,641,361); THE GOOD, THE BAD AND THE UGLY® (Reg. No. 3,350,752); WE BUY THE GOOD, THE BAD AND THE UGLY® (Reg. No. 3,307,918); SOLUTIONS FOR UGLY SITUATIONS® (Reg. Nos. 3,185,390 and 3,188,593); UG BUYS UGLY HOUSES® (Reg. No. 2,999,978); and UG BUYS UGLY HOUSES® (Reg. No. 2,935,916). Registration Nos. 2,761,385; 2,999,705; 3,099,814; 2,988,337; 2,982,363; 2,827,136; 2,797,429; 2,794,480; 3,658,442; 3,641,362; 3,641,361; 3,350,752; 3,307,918; 3,185,390; 3,188,593; 2,999,978 and 2,935,916 are collectively referred to as the "Ugly Houses Marks."

15. Over the years, HomeVestors has spent significant amounts of time and resources in developing its brand and maintaining the goodwill it has built in its trademarks. HomeVestors and its network of franchisees have spent over $100 million on advertising over the course of the past 10 years, including advertising on the Internet, radio, television, magazines, and billboards seen throughout the country. The HomeVestors brand is readily and widely recognized in the industry and among the general public.

**B.  Defendants' Trademark Infringement and Unfair Competition.**

16. Defendants are in the business of buying houses that are difficult to sell for rehabbing and providing real estate related services. Such services are

COMPLAINT

- 6 -

specifically directed to residential real estate owners in California in this District.

17. On information and belief, Balsamo and/or UHB is the registrant of the domain <uglyhousebros.com> (the ".Com Domain") at which location Balsamo and/or UHB operates uglyhousebros.com (the ".Com Website"). The .Com Domain and .Com Website are available to and directed at residents of this District.

18. The .Com Website is a direct competitor with HomeVestors and advertises the buying of houses in distressed situations. Such advertising is directed to California residents, including those located in this District.

19. The .Com Website uses the Ugly Houses Marks and/or confusingly similar marks within the website text, domain name, social media and online advertising for Defendants' services. This unauthorized use of the Ugly Houses Marks and confusingly similar marks and phrases results in acts of infringement and unfair competition.

20. Defendants' use of the Ugly Houses Marks has been with constructive and actual notice of HomeVestors' exclusive rights in the marks. Despite constructive and actual notice, Defendants have intentionally infringed upon HomeVestors' Registered Marks by using the Ugly Houses Marks and confusingly similar phrases.

21. On August 29, 2014, Balsamo filed a trademark application with the

COMPLAINT

U.S. Patent and Trademark Office (the "USPTO") for the mark UGLY HOUSE BROS. for use in connection with services under International Class 37 for real estate related services (the "Infringing Mark").

22. On December 15, 2014, the USPTO issued an Office Action against the Infringing Mark, refusing registration on the basis of a likelihood of confusion with seven of HomeVestors' trademark registrations and applications, listed below. Attached hereto as Exhibit B is a true and correct copy of the Office Action.

| Mark | Registration No. | Services |
|---|---|---|
| WE BUY UGLY HOUSES | 3,099,814 | IC 36. Real estate services, namely, real estate brokerage, and providing mortgage, title and home insurance brokerage services. |
| WE BUY UGLY HOUSES | 2,999,705 | IC 36. Real estate services, namely real estate acquisition, real estate brokerage services and real estate financing services. |
| UG BUYS UGLY HOUSES | 2,935,916 | IC 36. Real estate services, namely, real estate acquisition, real estate brokerage services, and real estate financing services. |
| WWW.PRETTYUGLYHOUSES.COM | 3,165,899 | IC 036. Real estate brokerage; real estate investment. |
| WE SELL UGLY HOUSES | 4,638,341 | IC 035. Real estate sales management; sales promotion services; providing web site for investors to access properties for sale. IC 036. Real estate services, namely, real estate brokerage, and providing mortgage, title and home insurance brokerage services; real estate services, namely, real estate acquisition, real estate brokerage services and real estate financing services; real estate consultation, management, brokerage, and leasing services; real estate sales, namely, real estate agency services and real estate listing. |
| UG SELLS UGLY HOUSES | 86/098,405 | IC 035. Real estate sales management; sales promotion services; providing web site for investors to access properties for sale. |

COMPLAINT

- 8 -

| | | |
|---|---|---|
| | | IC 036. Real estate services, namely, real estate brokerage, and providing mortgage, title and home insurance brokerage services; real estate services, namely, real estate acquisition, real estate brokerage services and real estate financing services; real estate consultation, management, brokerage, and leasing services; real estate sales, namely, real estate agency services and real estate listing. |
| WE SELL UGLY HOUSES, TOO! | 86/098,386 | IC 035. Real estate sales management; sales promotion services; providing web site for investors to access properties for sale. IC 036. Real estate services, namely, real estate brokerage, and providing mortgage, title and home insurance brokerage services; real estate services, namely, real estate acquisition, real estate brokerage services and real estate financing services; real estate consultation, management, brokerage, and leasing services; real estate sales, namely, real estate agency services and real estate listing. |

23. In January 2015, HomeVestors became aware of Defendants, their domain <uglyhousebros.net> (the ".Net Domain") and the operation of the website uglyhousebros.net (the ".Net Website") and counsel for HomeVestors sent a cease and desist letter to Defendants. Attached hereto as Exhibit C is a true and correct copy of the letter dated January 28, 2015 from counsel for HomeVestors to Defendants.

24. In March 2015, counsel for HomeVestors noticed that an attorney had filed a Response to the Office Action on behalf of Defendants. Counsel for HomeVestors sent a letter to the attorney for Defendants requesting Defendants cease and desist from further infringement of HomeVestors' Ugly Houses Marks.

COMPLAINT

- 9 -

25. Counsel for HomeVestors never received a response from Defendants or their attorney, but on or about March 26, 2015, counsel for HomeVestors noticed the .Net Website was taken down and the .Net Domain was due to expire soon. HomeVestors therefore expected Defendants would cease the infringing use.

26. But as recently as March 28, 2016, counsel for HomeVestors found Defendants were still using the .Com Domain and .Com Website, continuing to use the company name "Ugly House Bros., LLC," (the Infringing Company Name) and using HomeVestors' WE BUY UGLY HOUSES® mark within the .Com Website text, as well as confusingly similar marks and phrases to the Ugly Houses Marks within social media accounts and online advertising directed to the .Com Website and Defendants' real estate business. Attached hereto as Exhibit D is a true and correct copy of images of the .Com Website, social media and online advertisements showing infringing use of the Ugly Houses Marks.

27. Given the lack of response from Defendants and their continued infringing use of the Ugly Houses Marks with actual knowledge of HomeVestors' rights, HomeVestors was forced to file this lawsuit.

## FIRST CLAIM FOR RELIEF

## FEDERAL TRADEMARK INFRINGEMENT – 15 U.S.C. § 1114(1)

(By HomeVestors Against All Defendants)

COMPLAINT

28. HomeVestors incorporates by reference the allegations contained in the previous paragraphs as though fully set forth herein.

29. The foregoing acts of Defendants constitute infringement of HomeVestors' Ugly Houses Marks in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

30. Defendants have used and continue to use HomeVestors' Ugly Houses Marks in commerce in connection with the sale, offering for sale, and advertising of real estate and related services without authorization from HomeVestors.

31. Defendants have caused and are likely to continue to cause confusion, or to cause mistake, or to deceive customers as to the affiliation, connection, or association of HomeVestors with Defendants, or as to the origin, sponsorship or approval of Defendants' services by HomeVestors in violation of 15 U.S.C. § 1125.

32. Defendants' wrongful acts and unfair competition have caused, and are likely to continue to cause, HomeVestors to incur substantial damages.

33. Defendants' unlawful conduct has been knowing, deliberate, and willful.

34. Defendants have been and are likely to continue to be unjustly enriched by their infringing conduct.

35. HomeVestors has been harmed and continues to be harmed by

COMPLAINT

Defendants' unlawful acts. HomeVestors has no adequate remedy at law. Defendants' infringing conduct has caused, and will continue to cause irreparable harm to HomeVestors. As a result of Defendants' conduct, HomeVestors is entitled to injunctive relief and damages in an amount to be determined at trial.

36. Because the Defendants' actions have been willful and deliberate, this is an exceptional case for which attorneys' fees are recoverable under 15 U.S.C. § 1117(a).

## **Count II**

### **(False Designation of Origin – 15 U.S.C. § 1125(A)(1)(A))**

37. HomeVestors incorporates by reference the allegations contained in the previous paragraphs as though fully set forth herein.

38. The foregoing acts of Defendants constitute a false designation of origin in violation of Section 43(a)(1) of the Lanham Act, 15 U.S.C. § 1125(a)(1).

39. Defendants' unlawful acts have in fact caused, and are likely to continue to cause, confusion, or to cause mistake, or to deceive as to the true identity of Defendants, or at the very least as to the affiliation, connection, or association of Defendants or Defendants' services with HomeVestors.

40. Defendants' unlawful conduct has been knowing, deliberate, and willful.

41. Defendants have been and are likely to continue to be unjustly enriched by their infringing conduct.

42. HomeVestors has been harmed and continues to be harmed by Defendants' unlawful acts. HomeVestors has no adequate remedy at law. Defendants' infringing conduct has caused, and will continue to cause irreparable harm to HomeVestors. As a result of Defendants' conduct, HomeVestors is entitled to injunctive relief and damages in an amount to be determined at trial.

## Count III

### (Trademark Infringement – Cal. Bus. & Prof. Code § 14245)

43. HomeVestors incorporates by reference the allegations contained in the previous paragraphs as though fully set forth herein.

44. Defendants have used, and continue to use, HomeVestors' Ugly Houses Marks and confusingly similar phrases as an indicator of the source of Defendants' services for the purpose of enhancing the commercial value of Defendants' services.

45. Defendants' continuing to offer services under identical, nearly identical and confusingly similar marks will continue to constitute acts of unfair competition, palming off, unjust enrichment, and misappropriation by Defendants against HomeVestors, thereby causing irreparable harm.

COMPLAINT

46. HomeVestors has been harmed and continues to be harmed by Defendants' unlawful acts. HomeVestors has no adequate remedy at law. Defendants' infringing conduct has caused, and will continue to cause irreparable harm to HomeVestors. As a result of Defendants' conduct, HomeVestors is entitled to injunctive relief and damages in an amount to be determined at trial.

## Count IV

**(Unfair, Unlawful and Fraudulent Business Practices – Cal. Bus. & Prof. Code §§ 17200 *et seq*.)**

47. HomeVestors incorporates by reference the allegations contained in the previous paragraphs as though fully set forth herein.

48. Defendants engaged in unfair and fraudulent business acts and practices because they impersonated HomeVestors through the use of HomeVestors Ugly Houses Marks and confusingly similar marks and phrases used as Defendants' Infringing Company Name, Defendants' domain names, websites, and within advertising for Defendants' real estate and related services, for the purpose of misleading consumers, and/or causing confusion with respect to the origin of Defendants' services, and the affiliation, sponsorship, and approval of Defendants' services by HomeVestors.

49. Defendants' unlawful, unfair, and fraudulent business acts and practices have caused HomeVestors harm, and if not enjoined, will continue to cause HomeVestors harm. As a result of Defendants' conduct, HomeVestors is entitled to injunctive relief. HomeVestors is also entitled to full restitution of any money that Defendants have gained by their violations of California Business & Professions Code § 17200 *et seq*.

## Count V

### (Deceptive, False & Misleading Advertising – Cal. Bus. & Prof. Code §§ 17500 *et seq*.)

50. HomeVestors incorporates by reference the allegations contained in the previous paragraphs as though fully set forth herein.

51. Defendants adopted and are using HomeVestors' Ugly Houses Marks and confusingly similar marks and phrases with the intent to promote Defendants' real estate business and related services and to profit from HomeVestors' reputation and goodwill.

52. The foregoing acts of Defendants constitute untrue and misleading advertising as defined by California Business & Professions Code § 17500 *et seq*.

53. Defendants' unlawful, unfair, and fraudulent business acts and practices have caused HomeVestors harm, and if not enjoined, will continue to

COMPLAINT

cause HomeVestors harm. As a result of Defendants' conduct, HomeVestors is entitled to injunctive relief. HomeVestors is also entitled to full restitution of any money that Defendants have gained by their violations of California Business & Professions Code § 17500 *et seq*.

## PRAYER FOR RELIEF

WHEREFORE, HomeVestors respectfully prays for judgment against Defendants as follows:

1. That Defendants be held to have infringed the Ugly Houses Marks within the meaning of 15 U.S.C. § 1114(1);

2. That Defendants be held to have falsely designated the origin, affiliation, endorsement, qualities, nature, and characteristics of services by using the Ugly Houses Marks and confusingly similar marks and phrases within the meaning of 15 U.S.C. § 1125(a), and that such actions were willful and intentional;

3. That Defendants be held to have engaged in trademark infringement, unfair, unlawful, and deceptive trade practices within the meaning of California Business and Professions Code §§ 17200 *et seq*. and 17500 *et seq*.;

4. That Defendants be preliminarily and permanently enjoined, and all persons acting in concert with either of them be enjoined from: (A) using the Ugly Houses Marks and any confusingly similar variation thereof, alone or in combination with other words, as a trademark or service mark, corporate name,

COMPLAINT

trade name component, domain name or domain name component, in Internet keyword advertising or bidding, in meta tag data, blog posts, articles, banners or titles in content copy, social media posts, handles, account and user names, hash tags, vehicle advertisements, signs, billboards, or otherwise, to market, advertise, or identify Defendants' services (B) representing to any other person or entity that Defendants have authority to use the HomeVestors' Ugly Houses Marks, and (C) representing to any other person or entity that Defendants or their services are in any manner associated with, connected to, related to, sponsored by, affiliated with, endorsed by, approved by or recommended by HomeVestors;

5. That Defendants be required to destroy all advertising, marketing, or other promotional materials bearing the Ugly Houses Marks and any confusingly similar marks or phrases or any derivation thereof;

6. That UHB immediately take steps to change its name to a name that is not the same of confusingly similar to HomeVestors' Ugly Houses Marks, or any name confusingly similar to any of HomeVestors' Family of Marks, or any derivation thereof;

7. That Defendants remove all references to the Infringing Company Name from social media accounts, use of the name in account handles, and from all advertising media;

COMPLAINT

- 17 -

8. That Defendants be required to take down the .Com Website from public view and transfer the .Com Domain registration to HomeVestors;

9. That Defendants be required to file with the Court and serve on HomeVestors' counsel within 30 days after service of the order requiring the actions specified above, a written report, sworn under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction;

10. That HomeVestors have an accounting for damages and for all of Defendants' profits from their actions complained of herein;

11. That the Court award HomeVestors all of: (A) Defendants' profits from each product and/or service marketed, advertised or sold using the infringing marks; (B) all actual damages sustained by HomeVestors by reason of Defendants' conduct; (C) statutory damages allowed by the Lanham Act; and (D) any additional amount that the Court determines to be just;

12. That the Court award HomeVestors actual damages under applicable state statutory and common law;

13. That the Court award HomeVestors' its reasonable costs, expenses, and attorneys' fees incurred in prosecuting this action, including any appeal pursuant to 15 U.S.C. § 1117(a), A.R.S. §§ 12-341 and 12-341.01 and as allowed by law;

COMPLAINT

- 18 -

14. That the Court award HomeVestors pre and post-judgment interest to the maximum extent allowed by law; and

15. That the Court award HomeVestors such other and further relief to which it may be justly entitled.

DATED: April 22, 2016.

                                         COHEN BUSINESS LAW GROUP
                                         *A Professional Corporation*


                                         By     s/Jeffrey A. Cohen
                                               Jeffrey A. Cohen (No. 149615)
                                               *Attorney for Plaintiff*, HomeVestors of America, Inc.

COMPLAINT